# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-10230
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BYRON REYES-AYALA,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CR-62-1

_____

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Byron Reyes-Ayala appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing for the first time on appeal that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Government has filed an unopposed motion

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10230

for summary affirmance or, alternatively, for an extension of time in which to file a brief.

The parties are correct that the argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.